IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PLACIDE UMUHOZA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 23-552 (MN) |
| | ) | |
| PINNACLE REHABILITATION HEALTH CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

## **<u>MEMORANDUM OPINION</u>**

Placide Umuhoza, Smyrna, DE – Pro Se Plaintiff.

Jennifer C. Bebko Jauffert and Puja Upadhyay, RICHARDS, LAYTON & FINGER, P.A. – Attorneys for Defendants.

March 8, 2024
Wilmington, Delaware

NOREIKA, U.S. DISTRICT JUDGE:

Plaintiff Placide Umuhoza, proceeding *pro se*, filed this employment discrimination action based on national origin discrimination pursuant to Title VII of the Civil Rights Act of 1964 against Defendant Pinnacle Rehabilitation and Healthcare Center. (D.I. 1).  Defendant moves to dismiss of the Complaint pursuant to Rule 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure. (D.I. 12).  For the reasons stated below, the Court will grant Defendant's motion.

I.    **BACKGROUND**

Plaintiff's allegations, which are accepted as true at this stage of the proceedings, are as follows.  Defendant provides healthcare and rehabilitation services.  Plaintiff was employed by Defendant from January 7, 2020, through February 16, 2023.  It is unclear what position Plaintiff held with Defendant, but it appears he was a nurse providing patient care.  Plaintiff alleges without much elaboration that Defendant discriminated against him as an immigrant from the start of his employment.  For example, Plaintiff alleges that a patient resident once hit another nurse and, because the other nurse was not an immigrant, the incident was reported to the police.  In contrast, a patient once punched Plaintiff in the forehead, but Plaintiff's report of the incident was deleted from the patient's chart and no further action was taken.

Plaintiff alleges that he repeatedly complained about being forced to care for more patients than legally permissible and that Defendant did not pay him for all of the hours he worked or pay for his medical bills from a workplace injury.  He was suspended on March 31, 2022, on the assertion that he refused to take care of patients, despite the Director of Nursing confirming that the load of twenty-eight patients Plaintiff was carrying was eight more patients than he was supposed to carry.

Plaintiff also includes a list of "claims against Defendant, without elaboration: "Discrimination (Getting Treated Different," "Harassment," "Refusing to Pay Bills from the

Incident I had from Work," "Suspending Me Twice for No Reason," "Losing My Bonus and Making Me Pay High Taxes Because [of] Their Mistake," "Forging Document," and "Being Forced to Work Over [sic] than What I'm Supposed to Do.")  (D.I. 1-1 at 1).  For relief he seeks damages and back pay.

Defendants have moved to dismiss the Complaint for failure to perfect service and for failure to state a claim.  (D.I. 12).  The matter is fully briefed.  (D.I. 15, 16).

## II.    <u>LEGAL STANDARDS</u>

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  When presented with a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), district courts conduct a two-part analysis.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  First, the Court separates the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [disregarding] any legal conclusions."  *Id.* at 210-11.  Second, the Court determines "whether the facts alleged in the complaint are sufficient to show . . . a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Dismissal under Rule 12(b)(6) is appropriate if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also Fowler*, 578 F.3d at 210.  A claim is facially plausible "when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The Court is not obligated to accept as true "bald assertions" or "unsupported conclusions and unwarranted inferences." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997). Instead, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

## III.    **DISCUSSION**

To state a claim under Title VII for employment discrimination, Plaintiff must allege that: (1) he is a member of a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances that give rise to an inference of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Plaintiff need not convince the Court of any of these elements at the motion to dismiss stage but must submit more than "the naked assertion" that he suffered an adverse employment action because of his membership in a protected class. *See Santos v. Iron Mountain Film & Sound*, 593 F. App'x 117, 119 (3d Cir. 2014).

Plaintiff's allegations are heavy on generalities and light on specifics. He provides few dates and, more importantly, virtually no facts indicating that any alleged wrong that befell him during his employment with Defendant was motivated by his national origin. In short, Plaintiff has failed to assert allegations sufficient to show that his suspension, or possible termination,

occurred under circumstances that give rise to an inference of discrimination.  Plaintiff will be given one opportunity to file an amended complaint remedying these deficiencies.[1]

**IV.**     **<u>CONCLUSION</u>**

For the above reasons, the Court will grant Defendant's motion to dismiss.  Plaintiff will be given leave to amend.

An appropriate Order will be entered.

---

[1]     Because Plaintiff failed to state a claim, the Court need not address Defendant's arguments regarding service.